United States District Court
For the Northern District of California

1

*E-Filed 9/28/10*

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12   KEVIN FUSON,                          No. C 09-00754 RS

13

                    Plaintiff,            **ORDER GRANTING DEFENDANT'S**
14        v.                              **MOTION FOR SUMMARY**
                                          **JUDGMENT AND DENYING**
15                                        **PLAINTIFF'S CROSS MOTION**
     MICHAEL J. ASTRUE, Commissioner of
16   Social Security,

17
                    Defendant.
18   _____/

19

20                          I.   INTRODUCTION

21        The parties have filed cross-motions for summary judgment arising out of a decision from

22   the Social Security Administration Appeals Council. Plaintiff, Kevin Fuson, is pursing this appeal

23   pro se. For the reasons stated below, defendant's motion for summary judgment shall be granted

24   and plaintiff's cross-motion shall be denied.

25                      II.   FACTS AND PROCEDURAL HISTORY

26        Plaintiff became eligible for supplemental security income ("SSI") benefits in January of

27   1984. In 1995, plaintiff submitted an application to participate in the Social Security

28   Administration's Plan to Achieve Self-Support ("PASS") program. To participate in the PASS

     program, an SSI recipient develops and pursues a vocational plan aimed at eliminating or

significantly reducing the claimant's reliance on disability benefits.  20 C.F.R. §§ 416.1180-146.1181.  The SSI recipient must set forth a viable and financially sustainable PASS plan with a feasible goal.  20 C.F.R. § 416.1181.  Once a PASS plan is approved, the Social Security Administration ("SSA") conducts an annual review of each plan.  20 C.F.R. § 416.1181(d).  One important aspect of the PASS program is that any income the recipient uses towards completing the PASS is excluded from the calculation of an individual's resources for determining monthly SSI benefits.  42 U.S.C.A. §1382(b)(4).

Plaintiff's PASS plan was approved in 1995.  In 1998, the SSA Commissioner determined that Fuson was no longer in compliance with the program, and denied his request to extend his participation therein.  A.R. 423-24.  An Administrative Law Judge determined that Fuson's benefits should not be reduced until a substantive determination was made about his PASS eligibility.  A.R. 515-19.  Subsequently, plaintiff received several retroactive benefit payments.  A.R. 590-94.  On May 26, 2000, an ALJ determined that plaintiff's PASS was properly discontinued.  A.R. 397-401.  The Appeals Council of the SSA declined to review the decision, and Fuson appealed the ALJ's decision to this Court.  On April 22, 2003, the previously assigned presiding judge determined that "substantial evidence supports ALJ Aschemeyer's finding that plaintiff did not comply with the initial conditions of his PASS," and affirmed the ALJ's decision not to extend plaintiff's PASS.  A.R. 431.  The case was remanded solely for "consideration of plaintiff's claim that the SSA incorrectly calculated the amount of his retroactive benefits."  A.R. 432.

Yet another ALJ presided over a hearing to consider what retroactive benefits, if any, plaintiff was owed.  A.R. 384-88.  After reviewing the record, the ALJ determined that the SSA properly excluded income Fuson received under his PASS, and that he had received all SSI for which he was eligible.  *Id*.  The Social Security Appeals Council assumed jurisdiction of Fuson's case because it believed the ALJ's decision did not achieve the result the District Court directed in its remand order.  A.R. 378.  The Appeals Council examined all of the SSA's electronic records relating to Fuson's payments, and compared those with what he should have been paid as a member of the PASS program.  *Id*.  For the relevant period, the maximum amount due to plaintiff under the

No. C 09-00754
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1   PASS was $33,329.60.  A.R. 378.  However, during the relevant period, Fuson received a total of

2   $37,246.65 from the SSA.  A.R. 378.  The Appellate Council presented this information to Fuson,

3   and provided an opportunity for him to rebut their preliminary findings.  *Id.*  Instead, Fuson claimed

4   he was the victim of discrimination under the Lilly Ledbetter Fair Pay Act of 2009, and that the SSA

5   had provided him with inconsistent information.[1]  The Appeals Council concluded that the excess

6   payments of $3,917.05 would not be recovered by the SSA, and that Fuson received all benefits due

7   between May of 1995 and August of 1999.  A.R. 379.  Plaintiff now seeks judicial review of the

8   Appeals Council decision.

9                                    III.   STANDARD OF REVIEW

10          Section 405(g) of the United States Code, chapter 42, establishes the standard of review of a

11   final decision of the Social Security Commissioner.  The Commissioner's finding may be reversed if

12   it is not supported by substantial evidence, or if it is based on legal error.  *See Magallanes v. Bowen*,

13   881 F.2d 747, 750 (9th Cir. 1989).  In this context, substantial evidence is such relevant evidence as

14   a reasonable mind might accept as adequate to support a conclusion.  *Id*.  It requires more than a

15   scintilla, but less than a preponderance, of evidence.  *Id*.  To determine whether substantial evidence

16   supports the Commissioner's decision, the Court reviews the administrative record as a whole,

17   considering adverse as well as supporting evidence.  *Id*.  *See also Davis v. Heckler*, 868 F.2d 323,

18   326 (9th Cir. 1992).

19                                         IV.   DISCUSSION

20          A.      Subject Matter Jurisdiction

21          Defendants argue that the Court lacks subject matter jurisdiction over this appeal because

22   Fuson filed his Complaint on February 20, 2009, but the Appeals Council did not reach a final

23   decision until March 11, 2009.  The Supreme Court has held that practical, not technical,

24   considerations are to govern the application of principles of finality.  *Gillespie v. United States Steel*

25   *Corp*., 379 U.S. 148, 152 (1964).  Additionally, the Ninth Circuit has declared that subsequent

---

[1] The Lilly Ledbetter Fair Pay Act of 2009 is not applicable in this case because Fuson is not an
27   employee of the Social Security Administration.  *See* Lilly Ledbetter Fair Pay Act of 2009, Pub. L.
28   No. 111-2, 123 Stat 5; 42 U.S.C. § 2000e.

No. C 09-00754
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

events can validate a prematurely filed appeal. *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir. 1980) (reasoning that, although the district court's order dismissing the case as to some of the defendants was not final when plaintiffs appealed, the Court had appellate jurisdiction because a final order was issued in the interim). Moreover, Fuson is pursing this appeal without the assistance of counsel and the pleadings of pro se litigants generally should be construed liberally. *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003). The Appeals Council had yet to issue a final order at the time Fuson filed his Complaint. The March 11, 2009 Appeals Council decision was a final agency action, which gave Fuson the right to appeal. 20 C.F.R. § 416.1481. Consistent with Supreme Court precedent favoring substance over form, this Court considers the merits of Fuson's prematurely filed appeal.

B.    Res Judicata

To the extent Fuson seeks review of the SSA's decision not to extend his PASS, the issue is barred by res judicata. The doctrine of res judicata provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (*quoting United States v. Schimmels* (*In re Schimmels*), 127 F.3d 875, 881 (9th Cir. 1997); *Montana v. United States*, 440 U.S. 147, 153 (1979)) (internal citations omitted). Fuson timely appealed the SSA's decision to remove him from the PASS program, and the United States District Court affirmed the agency's decision on April 22, 2003. *Fuson v. Barnhardt*, No. C 01-3310, 2003 WL 1936121, at *6 (N.D. Cal. Apr. 22, 2003) (affirming the ALJ's decision not to extend plaintiff's PASS); A.R. 423-33. Plaintiff did not appeal this decision, which rendered the district court's finding a final judgment on the merits. Fuson had a full and fair opportunity to litigate whether his PASS should have been reinstated. *See Montana*, 440 U.S. at 153 (res judicata precludes parties from contesting matters that they have had a full and fair opportunity to litigate). Accordingly, he cannot now "re-litigate" the question of whether his PASS should have been extended.

C.    Substantial Evidence

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Plaintiff appealed the March 11, 2009 order of the Appeals Council.  Therefore, the only issue before this Court is whether substantial evidence supports the Appeals Council's determination that Fuson was not entitled to retroactive benefits from the period of May of 1995 through August of 1999.  *See Magallanes*, 881 F.2d at 750.  It is clear from the record that the Appeals Council approached Fuson's case with great care.  It assumed jurisdiction under 20 C.F.R. § 416.1484(b)(3) before Fuson had the opportunity to appeal the ALJ's decision.  After thoroughly reviewing all of the evidence before it, the Appeals Council concluded that Fuson has "not only received the maximum amount he was due under his PASS but an excess of $3,917.05 in credits given against overpayments he received."  A.R. 378.  Considering the fact that the Appeals Council assumed jurisdiction in order to determine this specific issue, reviewed Fuson's entire SSA payment history, and in light of the fact that nothing in the record indicates the Appeals Council committed an error, that decision is supported by substantial evidence.

Moreover, Fuson has not submitted any information which would indicate that the Appeals Council's decision was in error.  Fuson does not state how much he believes he is owed, nor has he offered any evidence to suggest that he has been underpaid.  In this appeal, plaintiff submitted a series of letters from the SSA regarding changes to his SSI payments for September and November of 2009.  However, it does not appear that the changes to his SSI payments bear any relation to retroactive payments he claims he is owed.

## V.   CONCLUSION

Substantial evidence supports the Appeals Council's recalculation of Fuson's benefits.  Accordingly, defendant's motion for summary judgment must be granted and plaintiff's cross-motion denied.

IT IS SO ORDERED.

Dated: 9/28/10

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 09-00754
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Kevin Fuson**
P.O. Box 5025
San Mateo, CA 94402

DATED:   9/28/10

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

No. C 09-00754
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT